500 F.2d 108
 74-2 USTC P 9522
 KERRY INVESTMENT COMPANY, a Washington corporation,
Petitioner-Appellant-Cross-Appellee,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee-Cross-Appellant.
 Nos. 73-1084, 73-1137.
 United States Court of Appeals, Ninth Circuit.
 June 6, 1974.
 
 Meyer Rothwacks, Richard W. Perkins, Stephen Schwarz, Scott P. Crampton, Asst. Atty. Gen., Tax Div., U.S. Dept. of Justice, Washington, D.C., for petitioner-appellant-cross-appellee.
 James W. Johnston of Graham, McCord, Dunn, Moen, Johnston & Rosenquist, Seattle, Wash., for respondent-appellee-cross-appellant.
 Before ELY and GOODWIN, Circuit Judges, and WILLIAMS, District Judge.*
 OPINION
 ELY, Circuit Judge:
 
 
 1
 The taxpayer made interest-free loans totaling over $500,000 to a subsidiary corporation wholly owned by the taxpayer. The Commissioner, acting pursuant to section 482 of the Internal Revenue Code of 1954 (26 U.S.C. 482) and certain Treasury Regulations adopted thereunder (26 C.F.R. 1.482-1 and 1.482-1), allocated interest income to the taxpayer for the years in question, 1966 and 1967. Except as to one loan in the amount of $8,250, the Tax Court sustained the Commissioner's allocations.[1] The excepting of that loan was based upon the Tax Court's conclusion that the taxpayer had met its burden of proving that that particular loan had not resulted in the production of gross income to the subsidiary. Judge Featherston, dissenting, would have sustained the allocation in its entirety. Under his reasoning, the Treasury Regulations authorize the allocation in cases such as this irrespective of whether borrowed money can be traced as producing gross income realized by the borrower. Both the taxpayer and the Commissioner have appealed. The Tax Court's opinion is reported at 58 T.C. 479 (1972).
 
 
 2
 The taxpayer vigorously argues that section 482, properly construed, does not authorize the adoption of the regulations under which the Commissioner's allocations were made. We disagree. The provisions of section 482 are broad in their scope and, most assuredly, have aufficient breadth to cover the two Treasury Regulations that the taxpayer attacks. Our own court has so held, at least by implication. Oil Base, Inc. v. Commissioner, 362 F.2d 212 (9th Cir.), cert. denied, 385 U.S. 928, 87 S.Ct. 287, 17 L.Ed.2d 211 (1966), wherein the Regulations are quoted in a footnote. Accord, B. Forman Co. v. Commissioner, 453 F.2d 1144 (2d Cir.), cert. denied, 407 U.S. 934, 92 S.Ct. 2458, 32 L.Ed.2d 817, rehearing denied, 409 U.S. 899, 93 S.Ct. 102, 34 L.Ed.2d 158 (1972); Kahler Corp. v. Commissioner, 486 F.2d 1 (8th Cir. 1973). Thus, we reject the contentions of the taxpayer and, as to it, affirm the Tax Court's judgment.[2]
 
 
 3
 Turning to the cross-appeal, we have concluded that the approach taken by Judge Featherston is more logical than that taken by the majority in the Tax Court's opinion. Any scheme which permits related entities to regulate their tax obligations by transfer and retransfer of monies between themselves should be carefully scrutinized. When a taxpayer lends $500,000 to a wholly owned subsidiary without interest, it is obvious that the lender is likely divesting itself of interest income that it could have earned by maing interestbearing loans in a competitive market. when such an interest-free loan is made, we see no reason why an allocation of some income on the loan should not be made to the taxpayer even if the interest-free loan did not result in the production of gross income. In short, we hold that tracing in order to determine whether the borrowed funds generated gross income to the borrower is neigher necessary nor required. The Eighth Circuit has reasoned to the same effect. Kahler Corp. v. Commissioner, 486 F.2d 1 (8th Cir. 1973). In that case, Circuit Judge Ross succinctly set forth the conclusion with which we now agree. He wrote:
 
 
 4
 'The proper standard to be applied in cases such as this is whether or not the loans from the taxpayer to other members of a controlled group would have been made on an interest free basis in arm's length dealings between uncontrolled taxpayers. Whether the Commissioner shows that the borrowed funds actually produced income for the borrowing corporation is of no importance.[7] Money, and the use of money, is an essential element in the profit making activities of most corporations, just as raw material is a necessary component in the manufacture of salable goods.' Id. at 5.
 
 
 5
 Judge Ross's footnote 7 is a recitation of significant legislative history and reads:
 
 
 6
 'We find no support in the legislative history of Section 482 for the claim that transactions between controlled corporations must be traced to the production of gross income. The express purpose of that statute is the prevention of tax evasion (by the shifting of profits, the making of fictitious sales, and other methods frequently adopted for the purposes of milking). H.R.Rep.No.2, 70th Cong., 1st Sess.; S.Rep.No.960, 70th Cong., 1st Sess.' Id. at 5 n.7.
 
 
 7
 The Eighth Circuit's opinion, as well as ours, appears to harmonize with that of the Second Circuit in B. Forman Co. v. Commissioner, supra. Thus, the only three Courts of Appeals to which the precise question has been presented have reached the same conclusion.[3] If the Commissioner accedes to these holdings, much waste of his investigative resources should, we think, be avoided.
 
 
 8
 The Tax Court's judgment, insofar as it rejected the Commissioner's allocation of income related to the loan of $8,250 is reversed.
 
 
 9
 Affirmed in part; reversed in part.
 
 
 
 *
 Honorable David W. Williams, United States District Judge, Los Angeles, California, sitting by designation
 
 
 [1]
 The allocation made by the Commissioner was most assuredly reasonable, and the taxpayer makes no contention to the contrary. Quoting from the Commissioner's brief: 'The allocation was determined by computing simple interest on the outstanding indebtedness at the end of each year at an arm's-length rate of five percent per annum . . ..'
 
 
 [2]
 The taxpayer also argues that the Commissioner abused his discretion in applying the pertinent Regulations retroactively. This argument is without merit. 26 U.S.C. 7805(b); Kahler Corp. v. Commissioner, supra, at 5
 
 
 [3]
 The tracing concept has also been criticized by responsible commentators in the field of tax law. See, e.g., Bittker and Eustice, Federal Income Taxation of Corporations and Shareholders, P15.06 (3d ed. 1971); Holtzmuller, Interest-Free Loans and Section 482-- Creation of Income?, 9 Wm. & Mary L.Rev. 509 (1967); Hewitt, Section 482-- Reallocation of Income and Deductions Between Related Persons-- Up to Date, 22 N.Y.U.Inst. on Fed.Tax. 381, 398-400 (1964); Nauheim, B. Forman & Co., Inc.-- A Crucial Test of the Future of Section 482, 26 Tax Lawyer 107, 119-122 (1972)